UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARSHALL K. SANFORD,                    )
                                        )
          Petitioner,                   )
                                        )
     vs.                                )          Case No. 4:04CV1704 JCH
                                        )
CHUCK DWYER,                            )
                                        )
          Respondent.                   )

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Marshall K. Sanford's pro se

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed December 8, 2004. (Doc. No.

1). The matter is fully briefed and ready for disposition.

On March 20, 2001, Petitioner pleaded guilty in the Circuit Court of St. Charles County,

Missouri, to one count of second-degree trafficking drugs, one count of possession of a controlled

substance, and five counts of first-degree trafficking drugs. Petitioner was sentenced to fifteen years

imprisonment on the second-degree trafficking count, seven years imprisonment on the possession

count, and twenty-five years imprisonment on each of the five first-degree trafficking counts, with

all sentences to run concurrently. Petitioner did not appeal his convictions or sentences. Petitioner

did file a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which

was denied without an evidentiary hearing.[1] The Missouri Court of Appeals affirmed the denial of

Petitioner's post-conviction motion. Sanford v. State, 146 S.W.3d 440 (Mo. App. 2004).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston,

_____

[1] By agreement of counsel for Petitioner and counsel for Respondent, depositions of witnesses
were submitted in lieu of an evidentiary hearing. (See Respondent's Exh. A, P. 67).

Missouri. In the instant petition for writ of habeas corpus, Petitioner claims his guilty plea was not entered knowingly and voluntarily, because in entering the plea he received ineffective assistance of counsel as follows:

(1)     plea counsel misled Petitioner into pleading guilty, by erroneously informing Petitioner he would receive no greater sentence than ten years imprisonment;

(2)     plea counsel failed to conduct an adequate investigation and discuss a possible defense theory of entrapment with Petitioner; and

(3)     plea counsel failed adequately to communicate with Petitioner before the guilty plea proceeding.

(Doc. No. 1, PP. 4-5). In response, Respondent contends the instant petition should be dismissed, arguing that claim three is subject to a procedural bar, as Petitioner failed properly to pursue the claim in state court, and that the remainder of Petitioner's claims are without merit.

## DISCUSSION

A.     **Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner

must survive this exhaustion analysis, or the petition must be dismissed.  <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

Respondent concedes that Petitioner has exhausted his available state remedies, and the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

## B.    <u>Procedural Bar</u>

In Ground 3 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel failed adequately to communicate with Petitioner before the guilty plea proceeding. (Doc. No. 1, P. 5).  Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither intelligently nor voluntarily made.  (<u>Id.</u>).  A review of the record reveals that while Petitioner raised Ground 3 in his amended post-conviction motion (Resp. Exh. A, PP. 52-54), he failed to pursue the claim on appeal of the denial of that motion.  (Resp. Exh. K).  A claim must be presented at each step of the judicial process in state court to avoid procedural default.  <u>Jolly v. Gammon</u>, 28 F.3d 51, 53 (8th Cir.), citing <u>Benson v. State</u>, 611 S.W.2d 538, 541 (Mo. App. 1980), <u>cert. denied</u>, 513 U.S. 983 (1994).  Because Petitioner has failed properly to raise the claim in state court proceedings, the claim is defaulted and he is procedurally barred from pursuing it here.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); <u>Forest v. Delo</u>, 52 F.3d 716, 719 (8th Cir. 1995); <u>Keithley v. Hopkins</u>, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claim[] will result in a fundamental miscarriage of justice."  <u>Coleman</u>, 501 U.S. at 750.  Petitioner has neither asserted nor shown cause for his failure to raise the claim in state court.  In addition, because Petitioner makes no claim of actual innocence,

he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir.), cert. denied, 516 U.S. 876 (1995). Petitioner's claim of ineffective assistance of trial counsel raised in Ground 3 of the instant petition is therefore procedurally defaulted and will be denied.

## C.     Claims Addressed On The Merits

### 1.     Ground 1

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel misled Petitioner into pleading guilty, by erroneously informing Petitioner he would receive no greater sentence than ten years imprisonment. (Doc. No. 1, P. 4). Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither intelligently nor voluntarily made. (Id.). Petitioner raised this claim before the 24.035 motion court, which held as follows:

> The essence of this particular claim is that [Petitioner's] plea counsel had promised [Petitioner] he would not receive a sentence of more than ten (10) years. The depositions of all counsel who had any contact with [Petitioner]:
>
> 1.     Scott Rosenblum
> 2.     Jenna Glass and
> 3.     John Rogers
>
> do not reflect any such promise or representation, and the deposition testimony of his plea attorney, Scott Rosenblum, emphatically contradicts such allegation. [Scott Rosenblum deposition, page 13.] The deposition testimony of Jenna Glass further contradicts [Petitioner's] claim. [Jenna Glass deposition, pages 5 through 11.]
>
> The deposition of John Rogers further contradicts [Petitioner's] allegation with respect to this particular claim. [John Rogers deposition, pages 3 and 4.]
>
> [Petitioner's] claim is further refuted by the following colloquy between the Court and [Petitioner] at the time [Petitioner] entered his pleas on November 19, 2001, to wit:

"Q.    And there is no--there are no side agreements, there is no other assurance, there is nothing that will control what happens here other than what we say in open court on the record.  Do you understand that, sir?

"A.    Yes, ma'am."  [Plea Transcript, page 22.]

The Court further inquired of [Petitioner] as follows:

"Q.    Has your attorney or anyone else promised you anything by way of sentence prediction or any type of leniency or anything else to get you to plead guilty?

"A.    No, ma'am."  [Plea Transcript, page 27.]

On the same date, November 19, 2001, the Court inquired of [Petitioner], and determined that there was a factual basis for [Petitioner's] pleas, ordered a pre-sentence investigation, and the cause was continued for sentencing.

While eligibility for parole is considered a collateral consequence of a plea of guilty, and a defendant need not be informed as to the parole possibilities for a plea to be considered voluntarily and intelligently made, State v. Reynolds, 994 S.W.2d 944 (Mo. banc 1999) @ 946, it is clear from the plea transcript in State v. Sanford, St. Charles County Cause Number CR100-2931-FX, and the depositions of [Petitioner's] counsel taken in this cause, that [Petitioner] was informed that three (3) of the Counts with which [Petitioner] was charged and to which he pled guilty, carried a minimum punishment of 10 years without the possibility of probation or parole. [Plea Transcript, page 23.]

The Court therefore finds from the greater weight of the credible evidence and the files and records herein that [Petitioner] was not misled into pleading guilty by his counsel, and further finds that [Petitioner] has failed to prove by a preponderance of the evidence that [Petitioner's] counsel misled him into pleading guilty.  [Petitioner's] expectation of a lighter sentence than that received does not make his plea involuntary.  Felton v. State, 113 S.W.3d 367 (Mo. App. S.D. 2003), and the files and records herein, in particular the plea transcript of November 19, 2001, refute this claim.  There is no reasonable basis in the guilty plea record of November 19, 2001, for [Petitioner] to have held such a belief.  Jackson v. State, 90 S.W.3d 238 (Mo. App. S.D. 2002) @ 240.

The Court further finds that [Petitioner's] pleas were freely, knowingly and voluntarily made, and that there was a factual basis therefor.

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED by this Court that [Petitioner's] claim that [Petitioner's] counsel misled [Petitioner] into pleading guilty be, and the same hereby is, denied.

- 5 -

(Resp. Exh. A, PP. 72-75). Petitioner advanced this claim on appeal of the denial of his 24.035 motion, and the Missouri Court of Appeals denied the claim as follows:

> Our review of the motion court's denial of a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); State v. Roll, 942 S.W.2d 370, 375 (Mo. 1997); Simmons v. State, 100 S.W.3d 143, 145 (Mo. App. E.D. 2003). Such findings and conclusions are clearly erroneous if, after a review of the entire record, this Court is left with the definite and firm impression that a mistake has been made. Roll, 942 S.W.2d at 375; Simmons, 100 S.W.3d at 145....

> We first address [Petitioner's] claim that he was misled by plea counsel into pleading guilty. In his motion, [Petitioner] alleged that his plea was unknowing and involuntary, and his plea counsel ineffective, because plea counsel had promised him that he would not receive a sentence any greater than ten years' imprisonment. [Petitioner] also alleged he was induced into pleading guilty by plea counsel's false and misleading explanations that he would be eligible for parole within a range of 80 to 100 months of imprisonment. [Petitioner] alleged prejudice, claiming he would have insisted on going to trial had the range of punishment for the charged crimes been properly explained to him, including that he would be ineligible for probation or parole.

> In denying [Petitioner's] claim, the motion court found [Petitioner's] allegations that plea counsel promised him he would receive no more than a ten-year sentence were refuted by the depositions of plea counsel and by [Petitioner's] testimony at the plea hearing. Additionally, the motion court found that the files and records clearly established that the trial court, through straightforward inquiry, disabused [Petitioner] of any reasonable belief he could have entertained of a sentence of only ten years; also the court found that there was no reasonable basis in the record for [Petitioner] to have held such a belief. The motion court further found that the greater weight of the credible evidence showed [Petitioner] was not misled into pleading guilty by his counsel. On appeal, [Petitioner] alleges the motion court's conclusion that plea counsel did not promise [Petitioner] he would receive only a ten-year sentence is against the weight of the evidence.

> [Petitioner's] contentions are all refuted by the record. [Petitioner] alleges his plea counsel made certain promises regarding the sentence he would receive. These contentions are refuted by the record from the plea hearing. During the hearing, the trial court inquired of [Petitioner]:

> Q:     And there is no--there are no side agreements, there is no other assurance, there is nothing that will control what happens here other than what we say in open court on the record. Do you understand that, sir?
> A:     Yes, ma'am.

[Petitioner], on appeal, contends that the fact that he asked to speak with his attorney directly following this exchange suggests that he had genuine concerns about what plea counsel had told him about his sentence and what the court was telling him. [Petitioner] argues that the fact he asked to speak with plea counsel at this point in the proceedings demonstrates that the motion court erred in concluding that the transcript refuted his claim. We do not presume to speculate what [Petitioner's] concerns were at the time. And, we are unpersuaded by [Petitioner's] argument, for, after consulting with plea counsel, the trial court again inquired of [Petitioner]:

> Q:   Has anybody predicted to you, sir, the actual sentence you will receive?
> A:   No ma'am.
> Q:   Has your attorney or anyone else promised you anything by way of sentence prediction or any type of leniency or anything else to get you to plead guilty?
> A:   No, ma'am.
> Q:   Are you entering your plea of guilty here today freely and voluntarily?
> A:   Yes, ma'am.

[Petitioner's] contentions that he was induced into pleading guilty by plea counsel's promises and misleading explanations are also refuted by the depositions of plea counsel Rosenblum and Glass. When asked whether he had ever promised [Petitioner] that he would receive no more than ten years, attorney Rosenblum responded, "Never." Attorney Rosenblum also testified that he informed [Petitioner] that the whole range of punishment was possible, and that he could not control what the judge would do. Attorney Glass was also asked whether she had ever promised [Petitioner] what exact sentence he would receive, to which she responded, "Absolutely not." Further, attorney Glass testified that [Petitioner] was aware of the nature of the charges he was facing, and that [Petitioner] had been informed on more than one occasion that he was facing several counts where the sentence was a minimum of ten years without the possibility of probation and parole.

[Petitioner] contends the motion court overlooked the deposition testimony of his family members, all of whom testified that attorney Rosenblum had promised that [Petitioner] would receive no more than ten years. The motion court was free to believe or disbelieve this testimony, and found that the greater weight of the credible evidence showed [Petitioner] was not misled into pleading guilty by his counsel. We defer to the credibility determinations of the motion court.

[Petitioner] also argues the motion court erred in concluding that plea counsel's testimony was credible, and that [Petitioner's] was not. [Petitioner] complains that the motion court underestimated the effect of attorney Rosenblum's statement to him that he "could not imagine a judge would not reduce [the twenty-five years the State was recommending]." [Petitioner] also complains the motion court overlooked attorney Rosenblum's "dire prediction" that [Petitioner] would "serve consecutive time for insisting on his right to trial." [Petitioner] contends the

motion court erred in concluding that plea counsel's testimony was credible when counsel had suggested that the court would punish [Petitioner] for taking his case to trial. Again, credibility determinations are for the motion court. And, attorney Rosenblum did not state that the court would punish [Petitioner] for taking his case to trial, but rather, in advising his client, merely stated that in his experience the judge could run the time consecutively if it appeared [Petitioner] was going through the trial for nothing. Further, even if plea counsel predicted that [Petitioner] would receive a lighter sentence, a disappointed hope of a lighter or lesser sentence does not make a plea involuntary. Brown v. State, 66 S.W.3d 721, 732 (Mo. 2000).

[Petitioner] also claimed he would have insisted on going to trial had the range of punishment for the charged crimes been properly explained to him, including that he would be ineligible for probation or parole. Yet, contrary to [Petitioner's] allegations, the record clearly shows that the range of punishment was repeatedly explained to him, as well as the fact that he would not be eligible for probation or parole.

In addition to counsel's testimony refuting [Petitioner's] allegations, the record from the plea hearing reveals that the trial court specifically explained the range of punishment for each charge. The trial court reiterated, on more than one occasion, that the minimum sentence would be ten years, without the possibility of probation or parole. The court also explained, again more than once, that the maximum sentence [Petitioner] could receive was 15 years as to the second-degree trafficking count, plus seven years and $5,000 as to the possession count, plus five consecutive life sentences for the first-degree trafficking counts, three of which would be without the possibility of probation and parole. [Petitioner] stated he understood this. The trial court also explained on more than one occasion that the sentence would be without the possibility of probation and parole. Again, the [Petitioner] stated he understood. [Petitioner] also stated he understood the trial court's explanations that it had the entire range of punishment available to it, that the court was free to accept or reject the arguments and requests of [Petitioner's] attorney, and that further, the court was not bound by any caps on punishment previously recommended by the State.

Based upon the record from the guilty-plea proceedings, and based upon the depositions, we find no clear error in the motion court's findings and conclusions. We are not left with a definite and firm impression that a mistake has been made in the motion court's denial of [Petitioner's] claim for post-conviction relief based on his allegation that he was misled into pleading guilty. Point denied.

(Resp. Exh. M, PP. 2, 4-8).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in

pertinent part as follows:

(d)	An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[2] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

---

[2] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

In the instant case, the Court finds Petitioner fails to demonstrate his attorneys' performance was constitutionally deficient. Rather, as noted above, during the guilty plea proceeding Petitioner testified that no one made any predictions or promises to him with respect to what his eventual sentence would be. (Resp. Exh. B, PP. 22, 27). Petitioner further testified that no one made any promises or threats to induce his guilty plea, that his attorneys had not refused to comply with any of his requests, that he had been given enough time to discuss his case with his attorneys and they had answered all his questions, and that he had no complaints or criticisms of his attorneys. (Id., PP. 9-10, 27). Finally, when the trial court questioned Petitioner regarding his understanding of his plea and the incident waiver of rights, Petitioner testified that he understood his rights, and was pleading guilty because he was guilty. (Id., PP. 7-13, 27-29).[3] The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). This Court thus finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Ground 1 is denied.

2.   **Ground 2**

In Ground 2 of his petition, Petitioner claims he received ineffective assistance of counsel, in that plea counsel failed to conduct an adequate investigation and discuss a possible defense theory of entrapment with Petitioner. (Doc. No. 1, P. 4). Petitioner contends that as a result of this alleged ineffective assistance of counsel, his plea of guilty was neither intelligently nor voluntarily made. (Id.). Petitioner raised this claim before the 24.035 motion court, which held as follows:

        To succeed on a claim of ineffective assistance of counsel based on inadequate

---

[3] Petitioner reiterated his satisfaction with his attorneys' performance during his sentencing proceeding, and the trial court found no probable cause of ineffective assistance of counsel existed. (Resp. Exh. C, PP. 15-17).

investigation, a [petitioner] must not only allege what specific information trial counsel failed to discover and that a reasonable investigation would have disclosed that information, but also that the information would have aided the [petitioner] or improved the [petitioner's] position. <u>Alhamoud v. State</u>, 91 S.W.3d 119 (Mo. App. E.D. 2002) @ 121; <u>Snyder v. State</u>, 854 S.W.2d 47 (Mo. App. S.D. 1993).

The deposition of [Petitioner's] counsel, Scott Rosenblum, clearly indicates that a possible entrapment defense was considered, and the facts of [Petitioner's] case just did not merit such a defense. [Scott Rosenblum Deposition, pages 11-13.]

The deposition of [Petitioner's] counsel, Scott Rosenblum, further indicates that [Petitioner's] counsel was furnished discovery and reviewed same. [Scott Rosenblum Deposition, page 4.]

The Court finds that the files and records herein indicate that [Petitioner's] counsel made a reasonable investigation into the facts of [Petitioner's] cases, and that [Petitioner] has failed to prove by a preponderance of the evidence what specific information that his counsel failed to discover would have aided or improved [Petitioner's] position. *Cf*, <u>Alahmoud v. State</u>, *supra*.

IT IS, THEREFORE, ORDERED, ADJUDGED & DECREED by this Court that [Petitioner's] claim that his counsel failed to adequately investigate the case be, and the same hereby is, denied.

(Resp. Exh. A, PP. 75-76). Petitioner advanced this claim on appeal of the denial of his 24.035

motion, and the Missouri Court of Appeals denied the claim as follows:

We next address [Petitioner's] claim that plea counsel failed to adequately investigate his case. In his motion, [Petitioner] alleged that his plea was unknowing and involuntary, and his plea counsel ineffective, because plea counsel failed to conduct an adequate investigation and failed to provide [Petitioner] with all relevant information concerning his case so that he could assist counsel in developing evidence to support a viable defense theory of entrapment. [Petitioner] alleged that plea counsel never discussed an entrapment defense with him, and failed to provide [Petitioner] with certain relevant law enforcement reports for his review. [Petitioner] argued that had he been provided these reports, he could have verified that he had a different version of events, could have assisted attorney Rosenblum in developing evidence to support an entrapment defense, and further, would have been able to make an informed decision whether to plead guilty. Because, as [Petitioner] claimed, he had information that would have aided his counsel in presenting a defense of entrapment, [Petitioner] alleged he would not have entered a plea of guilty had counsel conducted an adequate investigation of the facts and considered all viable theories of defense.

The motion court, in denying [Petitioner's] claim, found that the deposition

of plea counsel Rosenblum clearly indicated that a possible entrapment defense was considered, and that [Petitioner's] counsel was furnished and had reviewed discovery. Concluding, the motion court found that the files and records indicated that [Petitioner's] counsel made a reasonable investigation into the facts of [Petitioner's] case, and that [Petitioner] had failed to prove by a preponderance of the evidence what specific information that his counsel failed to discover would have aided or improved [Petitioner's] position. On appeal, [Petitioner] alleges that the motion court's conclusion that plea counsel considered a defense of entrapment is against the weight of the evidence.

[Petitioner's] contentions are clearly refuted by the record. Attorney Rosenblum's deposition testimony indicates that he considered a defense of entrapment. He testified that based on the facts of the case, he viewed an entrapment defense as the only possible defense, that he had looked at the defense, explored it, looked at the jury instructions for the defense, and concluded that the facts just did not support the defense. He further testified that he had met with [Petitioner] and had discussed an entrapment defense and exactly what they would have to prove if they raised the defense.

Though [Petitioner] now complains of his plea counsel's performance, when given the opportunity, [Petitioner] gave no indication that he was unsatisfied with plea counsel's performance and investigation of the case. Rather, [Petitioner] affirmatively stated he was satisfied with plea counsel's performance. During the plea hearing, the trial court inquired of [Petitioner] as follows:

> Q:      Is there anything in connection with this case that you have asked of your attorney that he hasn't done?
> A:      No.
> Q:      Are you fully satisfied with the services which your attorney has rendered to you?
> A:      Yes.

And, at sentencing, the court inquired of [Petitioner] as follows:

> Q:      Are you fully and completely satisfied with the services which your attorney has rendered to you, sir?
> A:      Yeah, yes.
> Q:      Has your attorney investigated your cases fully?
> A:      Yes.
> Q:      Has he interviewed all the witnesses?
> A:      Yes.
> Q:      Has he presented all the evidence you have requested?
> A:      Yes.
> Q:      Has he done everything you asked him to do?
> A:      Yes....
> Q:      Do you have any complaint of any kind whatsoever that you would

> make against your attorney?
>
> A:     No.

Having repeatedly assured the court that he was satisfied with his plea counsel's performance, [Petitioner] is now barred from obtaining post-conviction relief based on a claim that counsel was ineffective for failure to investigate. *See* <u>Holland</u>, 990 S.W.2d at 31.

     Moreover, [Petitioner's] allegations are refuted by his own deposition testimony. [Petitioner] alleged he had information that would have aided his counsel in presenting a viable defense of entrapment, and that, had he been provided with the law enforcement reports, he could have verified that he had a different version of events. Yet, during his deposition, [Petitioner] testified that he had a chance to discuss his version of the events with Mr. Rosenblum. And, although [Petitioner] complains that he had not been provided the law enforcement reports in Mr. Rosenblum's possession, [Petitioner] testified that they had indeed discussed the reports. And lastly, in complete contradiction to the allegations in his motion, [Petitioner] testified that he had discussed an entrapment defense with Mr. Rosenblum.

     Based on the foregoing, we find no error in the motion court's denial of [Petitioner's] claim for post-conviction relief based on his allegation that counsel failed to adequately investigate his case and discuss a potential defense of entrapment with [Petitioner]. Point denied.

(Resp. Exh. M, PP. 8-11).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C.

§2254 states in pertinent part as follows:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to

deference, because Petitioner again fails to demonstrate his attorneys' performance was constitutionally deficient. Rather, as noted above, during the guilty plea proceeding Petitioner testified that his attorneys had not refused to comply with any of his requests, that he had been given enough time to discuss his case with his attorneys and they had answered all his questions, and that he had no complaints or criticisms of his attorneys. (Resp. Exh. B, PP. 9-10, 27). Petitioner reiterated his satisfaction with his attorneys' performance during his sentencing proceeding, and further indicated his attorneys had investigated the case to his satisfaction. (Resp. Exh. C, PP. 15-17). Finally, upon review of the record, this Court finds reasonable the Missouri courts' determination that Petitioner's plea counsel considered the defense of entrapment, and discussed the defense with Petitioner. The Missouri courts' findings thus are entitled to deference, and so Ground 2 of Petitioner's petition must be denied.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 30th day of May, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE